### IN THE UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **BRADLEY RUDKIN** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action NO. 1:17-cv-00849** |
| | § | |
| **ROGER BEASLEY IMPORTS, INC.** | § | |
| | § | |
| **Defendant.** | § | |

### DEFENDANT'S MOTION TO DISMISS, FOR FEES AND SANCTIONS PURSUANT TO THE TEXAS CITIZEN'S PARTICIPATION ACT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, Roger Beasley Imports, Inc. (Defendant), and files this, its Motion to Dismiss, for Fees and Sanctions Pursuant to the Texas Citizen's Participation Act (TCPA) as codified in Tex. Civ. Prac. & Rem. Code Sec. 27.001 et seq., and would show the honorable Court the following:

**I.**

1.      Plaintiff, a former employee of Defendant, has sued Defendant based on the following causes of action:

1.   Violation of 42 U.S.C. § 2000e-2(a)(1) claiming that Defendant discharged or discriminated against Plaintiff on the basis of Plaintiff's sex.

2.   Breach of contract based on Defendant's allegedly failing to honor an agreement as to the terms of Plaintiff's employment relating to monthly salary and commissions.

3.   Invasion of privacy/public disclosure of private facts based on Defendant and its

employees publicizing information about Plaintiff's private life, that is, disclosing that Plaintiff is transgender.

4. Invasion of privacy – intrusion on seclusion based on Defendant, and its employees intentionally intruding on Plaintiff's solitude, seclusion and on private affairs by disclosing Plaintiff's status as a transgender man and the harassing actions taken against Plaintiff because he is transgender.

2.      This motion is directed to Count # 3 and Count # 4 of Plaintiff's Original Petition, which contain the invasion of privacy/public disclosure of private facts and invasion of privacy/intrusion on seclusion causes of action.

## II.

3.      As is shown by Plaintiff's responses to requests for admissions, which are attached hereto as Exhibit A, Plaintiff's alleged status as a transgendered is a matter of public concern or Plaintiff has made his status as an alleged transgender a matter of public concern based on communications with the Austin print and television media regarding the facts which form the basis of this lawsuit, and by Plaintiff publishing and posting, or causing to be published or posted, on various forms of social media a detailed article discussing the facts which form the basis of this lawsuit, including Plaintiff's transgender status (attached to Exhibit B, Defendant's request for admissions to Plaintiff).

## III.

4.      Defendant is entitled to dismissal of Counts # 3 and # 4 of Plaintiff's Original Petition because those allegations constitute a legal action that is based on, relates to

or is in response to Defendant's exercise of the right to free speech on a matter of public concern.

5.      In order to dismiss a claim under the TCPA, movant must first show by a preponderance of the evidence that the legal action is based on, relates to or is in response to the movant's exercise of the right of free speech.  T.C.P.R.C. § 27.005(b). If this initial showing is made, the burden then shifts to the non-movant to establish by clear and specific evidence a prima facie case for each essential element of the claim in question.  *Id.* Sec. 27.005(c).  Dismissal of the claim is mandatory if the non-movant fails to satisfy this burden.  *Id.* Sec. 27.005(b).  In determining whether a legal action should be dismissed under this chapter, the court shall consider the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based.  *Id.* Sec. 27.006(a); *Cuba v. Pylant*, 814 F.3d 701 (5th Cir. 2016).

### IV.

6.      The first part of the analysis is simple and clear.  The Texas Legislature defined "legal action" as "a lawsuit, cause of action, petition, complaint, cross-claim or counter-claim, or any other judicial pleading or filing, that requests legal or equitable relief." T.C.P.R.C. Sec. 27.001(6).  It is undisputed that this lawsuit meets the definition of legal action.

7.      Counts 3 and 4 of the lawsuit against Defendant are based on, relate to, or are made in response to Defendant's, and its employees', exercise of the right of free speech.   The  TCPA  defines  the  exercise  of  the  right  of  free  speech  as  "a communication made in connection with a matter of public concern."  T.C.P.R.C. Sec.

27.001(3).

8.      A "communication" includes the making or submitting of a statement or document in any form of medium, including oral, visual, written, audiovisual or electronic. *Id.* Sec. 27.001(1).

9.      A "matter of public concern" includes a laundry list of issues, but also has been held to include non-public communications made in the context of emails sent by administrators of a plaintiff's employer criticizing that employee's conduct. *Lippincott v. Whisenhunt*, 462 S.W.3d 507 (Tex. 2015).

10.     The plain language of Plaintiff's allegations in his petition show that he claims that Defendant and its employees publicized information about Plaintiff's transgender status to other employees (Count 3) and allegedly invaded Plaintiff's privacy and/or intruded on his seclusion by disclosing Plaintiff's status as a transgender (Count 4), apparently to other employees (the language of Count 4 of Plaintiff's Original Petition is not particularly well drafted or clear on the issue of who was the recipient of the disclosure).

11.     Plaintiff's communicating with the mass media and to the public on social media regarding his transgendered status demonstrates that Plaintiff's legal action as to Plaintiff's Original Petition as to Counts 3 and 4 is based on, relates to or is in response to Defendant's exercise of its rights of free speech on what is and what he apparently believes is a matter of public concern.

**V.**

12.     The second part of the analysis is that once the movant has made its initial

showing, the burden then shifts to the non-movant to establish by clear and specific evidence a prima facie case for each essential element of the claim in question.

13.     The elements of the tort of invasion of privacy are (1) intentional intrusion, physically or otherwise, upon another's solitude, seclusion of private affairs or concerns which (2) would be highly offensive to a reasonable person. *Valenzuela v. Aquino*, 853 S.W.2d 512 (Tex. 1993); *Olivares v. Rausch, Sturm, Israel Emerson & Hornik, LLC*, 2013 WL 12109036 (W.D. Tex. Austin Div. 2013).

14.     The Plaintiff must establish by clear and specific  evidence a prima facie case for both of these elements of invasion of privacy in order to defeat movant's motion.

15.     The Plaintiff has publicly disclosed and discussed his transgender status, as is shown by his responses to request for admissions.  Any attempts by the Plaintiff to contend that the disclosure of his transgender status by Defendant or its employees is "highly offensive to a reasonable person" appears hypocritical or without any basis in fact.

16.     And, it seems unlikely that in 2017, any "reasonable person" would consider a person's transgender status to be "highly offensive" in American culture.

## VI.

17.     The T.C.P.A. requires the court to award the successfully moving party its costs, attorney's fees, sanctions and other expenses.   T.C.P.R.C. Sec. 27.009(a)(1) and T.C.P.R.C. Sec. 27.009(a)(2).  *Sullivan v. Abraham*, 488 S.W.3d 294 (Tex. 2016).

18.     Defendant therefore respectfully requests the opportunity to submit evidence of, and for the Court to award at the conclusion of this litigation, court costs, reasonable

attorney's fees and other expenses incurred in defending against Plaintiff's claims for invasion of privacy. *Schimmel v. McGregor*, 438 S.W.3d 847 (Tex. App.—Houston [1st Dist.] 2014, writ denied) (issue of attorney's fees can be severed and tried separately from the TCPA dismissal).

19.    In addition, Defendant respectfully requests that the Court impose sanctions in the amount it determines appropriate to deter Plaintiff from bringing similar actions.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Court dismiss Counts 3 and 4 of Plaintiff's Original Petition against Defendant pursuant to the TCPA, that Defendant be awarded all costs, fees and other expenses incurred pursuant to T.C.P.R.C. Sec. 27.009(a)(1), along with sanctions under T.C.P.R.C. Sec. 27.009(a)(2) and such other and further relief to which it may show itself justly entitled.

Respectfully Submitted,

DOWNS◆STANFORD, P.C.

By:    ____/s/ R. Lynn Fielder_____
R. Lynn Fielder
Texas State Bar No. 06971100
2001 Bryan Street, Suite 4000
Dallas, Texas  75201
lfielder@downsstanford.com
Telephone:   (214) 748-7900
Facsimile:    (214) 748-4530

**COUNSEL FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2017, the foregoing was filed with the Clerk of the Court via the electronic filing/ECF system, which caused a Notice of Electronic Filing to be sent to the following counsel of record:

Justin P. Nichols
The Nichols Law Firm, PLLC
405 N. St. Mary's St., Suite 1000
San Antonio, TX 78205

By:       /s/ R. Lynn Fielder
          R. Lynn Fielder

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **BRADLEY RUDKIN,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 1:17-CV-00849-LY |
| | § | |
| **ROGER BEASLEY IMPORTS, INC.** | § | |
| | § | |
| *Defendants.* | § | |

## PLAINTIFF BRADLEY RUDKIN'S RESPONSES TO DEFENDANT ROGER BEASLEY IMPORTS, INC.'S REQUEST FOR ADMISSIONS

**TO: Defendant, Roger Beasley Imports, Inc., by and through its attorney of record, R. Lynn Fielder, Downs Stanford, P.C., 2001 Bryan St., Ste. 4000 Dallas, Texas 75201**

COMES NOW, Bradley Rudkin, and pursuant to Rule 36 of the Federal Rules of Civil Procedure, files and serves the following Responses to Requests for Admissions to Plaintiff Bradley Rudkin.

Respectfully submitted,

THE NICHOLS LAW FIRM, P.L.L.C.

JUSTIN P. NICHOLS
Texas Bar No.: 24081371
ADAM B.J. POOLE
Texas Bar No.: 24088239
405 N. St. Mary's St., Ste. 1000
San Antonio, Texas 78205
(210) 354-2300 phone
(800) 761-5782 facsimile
**ATTORNEYS FOR PLAINTIFF**



EXHIBIT
A

## DEFINITIONS

"Social media" for the purposes of these Requests for Admissions means LinkedIn, Facebook, e-mail, text messages, Instagram, Twitter, Snap Chat, Google Plus, Tumblr, YouTube, Foursquare, Yelp, PRLog, Flickr, Reddit, Pinterest and Myspace.

## REQUESTS FOR ADMISSIONS

1. Admit that you contacted at least one Austin, Texas newspaper regarding the facts, in whole or in part, which form the basis of this lawsuit.

   **Denied, Plaintiff responded to inquiries from news outlets, without solicitating them.**

2. Admit that a person acting on your behalf contacted at least one Austin, Texas newspaper regarding the facts, in whole or in part, which form the basis of this lawsuit.

   **Denied.**

3. Admit that you contacted at least one Austin, Texas television station regarding the facts, in whole or in part, which form the basis of this lawsuit.

   **Denied, Plaintiff responded to inquiries from news outlets, without solicitating them.**

4. Admit that a person acting on your behalf contacted at least one Austin, Texas television station regarding the facts, in whole or in part, which form the basis of this lawsuit.

   **Denied.**

5. Admit that you have published or written on at least one form of social media, comments regarding the facts, in whole or in part, which form the basis of this lawsuit.

   **Admit.**

6. Admit that you have distributed on at least one form of social media, comments regarding the facts, in whole or in part, which form the basis of this lawsuit.

   **Admit.**

7. Admit that a person acting on your behalf has published or written on at least one form of social media, comments regarding the facts, in whole or in part, which form the basis of this lawsuit.

   **Denied.**

8.  Admit that a person acting on your behalf distributed on at least one form of social media, comments regarding the facts, in whole or in part, which form the basis of this lawsuit.

    **Denied.**

9.  Admit that the document attached as Exhibit "A" was published with your knowledge.

    **Admit.**

10. Admit that the document attached as Exhibit "A" was distributed with your knowledge.

    **Denied. It was just posted, not distributed.**

11. Admit that the document attached as Exhibit "A" was published with your consent.

    **Admit.**

12. Admit that the document attached as Exhibit "A" was distributed with your consent.

    **Denied. It was just posted, not distributed.**

13. Admit that the document attached as Exhibit "A" was published at your direction.

    **Denied. It was self-published.**

14. Admit that the document attached as Exhibit "A" was distributed at your direction.

    **Denied. It was just posted, not distributed.**

15. Admit that the document attached as Exhibit "A" was published by an agent, servant, or employee of you acting on your behalf.

    **Denied.**

16. Admit that the document attached as Exhibit "A" was distributed by an agent, servant, or employee of you acting on your behalf.

    **Denied.**

17. Admit that the document attached as Exhibit "A" was published by the Nichols Law Firm, PLLC.

    **Denied.**

18. Admit that the document attached as Exhibit "A" was distributed by the Nichols Law Firm, PLLC.

**Denied.**

19. Admit that the document attached as Exhibit "A" was published on behalf of the Nichols Law Firm, PLLC.

**Denied.**

20. Admit that the document attached as Exhibit "A" was distributed on behalf of the Nichols Law Firm, PLLC.

**Denied.**

21. Admit that the document attached as Exhibit "A" was published with the cooperation of the Nichols Law Firm, PLLC.

**Objection, this request calls for the disclosure of privileged attorney-client communications. Subject to said objection and without waiving it, denied.**

22. Admit that the document attached as Exhibit "A" was distributed with the cooperation of the Nichols Law Firm, PLLC.

**Objection, this request calls for the disclosure of privileged attorney-client communications. Subject to said objection and without waiving it, denied.**

Respectfully submitted,

THE NICHOLS LAW FIRM, P.L.L.C.

JUSTIN P. NICHOLS
Texas Bar No.: 24081371
ADAM B.J. POOLE
Texas Bar No.: 24088239
405 N. St. Mary's St., Ste. 1000
San Antonio, Texas 78205
(210) 354-2300 phone
(800) 761-5782 facsimile
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was served via email and facsimile, to the following counsel of record on this 12th day of October, 2017.

**VIA EMAIL & FACSIMILE: (214) 748-4530**
R. Lynn Fielder, Esq.

JUSTIN P. NICHOLS

# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| BRADLEY RUDKIN | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action NO. 1:17-cv-00849 |
| | § | |
| ROGER BEASLEY IMPORTS, INC. | § | |
| | § | |
| Defendant. | § | |

---

## DEFENDANT ROGER BEASLEY IMPORTS, INC.'S REQUEST FOR ADMISSIONS TO PLAINTIFF BRADLEY RUDKIN

---

COMES NOW, Roger Beasley Imports, Inc., and pursuant to Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE, files and serves the following Requests for Admissions to Plaintiff Bradley Rudkin.

Respectfully Submitted,

DOWNS◆STANFORD, P.C.

By:     _____

R. Lynn Fielder
Texas State Bar No. 06971100
2001 Bryan Street, Suite 4000
Dallas, Texas 75201
lfielder@downsstanford.com
Telephone:   (214) 748-7900
Facsimile:   (214) 748-4530

**COUNSEL FOR DEFENDANT**

---



EXHIBIT
B

## DEFINITIONS

"Social media" for the purposes of these Requests for Admissions means LinkedIn, Facebook, e-mail, text messages, Instagram, Twitter, Snap Chat, Google Plus, Tumblr, YouTube, Foursquare, Yelp, PRLog, Flickr, Reddit, Pinterest and Myspace.

## REQUESTS FOR ADMISSIONS

1. Admit that you contacted at least one Austin, Texas newspaper regarding the facts, in whole or in part, which form the basis of this lawsuit.

2. Admit that a person acting on your behalf contacted at least one Austin, Texas newspaper regarding the facts, in whole or in part, which form the basis of this lawsuit.

3. Admit that you contacted at least one Austin, Texas television station regarding the facts, in whole or in part, which form the basis of this lawsuit.

4. Admit that a person acting on your behalf contacted at least one Austin, Texas television station regarding the facts, in whole or in part, which form the basis of this lawsuit.

5. Admit that you have published or written on at least one form of social media, comments regarding the facts, in whole or in part, which form the basis of this lawsuit.

6. Admit that you have distributed on at least one form of social media, comments regarding the facts, in whole or in part, which form the basis of this lawsuit.

7. Admit that a person acting on your behalf has published or written on at least one form of social media, comments regarding the facts, in whole or in part, which form the basis of this lawsuit.

8. Admit that a person acting on your behalf distributed on at least one form of social media, comments regarding the facts, in whole or in part, which form the basis of this lawsuit.

9.   Admit that the document attached as Exhibit "A" was published with your knowledge.

10.  Admit that the document attached as Exhibit "A" was distributed with your knowledge.

11.  Admit that the document attached as Exhibit "A" was published with your consent.

12.  Admit that the document attached as Exhibit "A" was distributed with your consent.

13.  Admit that the document attached as Exhibit "A" was published at your direction.

14.  Admit that the document attached as Exhibit "A" was distributed at your direction.

15.  Admit that the document attached as Exhibit "A" was published by an agent, servant, or employee of you acting on your behalf.

16.  Admit that the document attached as Exhibit "A" was distributed by an agent, servant, or employee of you acting on your behalf.

17.  Admit that the document attached as Exhibit "A" was published by the Nichols Law Firm, PLLC.

18.  Admit that the document attached as Exhibit "A" was distributed by the Nichols Law Firm, PLLC.

19.  Admit that the document attached as Exhibit "A" was published on behalf of the Nichols Law Firm, PLLC.

20.  Admit that the document attached as Exhibit "A" was distributed on behalf of the Nichols Law Firm, PLLC.

21.  Admit that the document attached as Exhibit "A" was published with the cooperation of the Nichols Law Firm, PLLC.

22.  Admit that the document attached as Exhibit "A" was distributed with the cooperation of the Nichols Law Firm, PLLC.

## CERTIFICATE OF SERVICE

This is to certify that on this the 13rd day of September, a true and correct copy of the foregoing document was served on counsel for Plaintiff via email.

_efile@thenicholslawfirm.com_
Justin P. Nichols
The Nichols Law Firm, PLLC
405 N. St. Mary's St., Suite 1000
San Antonio, TX 78205

By: _____

R. Lynn Fielder

# PRLOG
Press Release Distribution

[Search]

PR Home | Latest News | News Feeds | Subscribe | Submit Free Press Release | For Bloggers | PR Newswire Distribution |

**News By Tag**
- Lawsuit
- Discrimination
- More Tags...

**Industry News**
- Lifestyle
- More Industries...

**News By Place**
- Austin
- Texas
- United States
- More Locations...

**Country(s)**
- United States
- Australia
- India
- Hong Kong
- England
- - - -
- More Countries

Industry News

All News

Exclusive News

**August 2017**

| Mo | Su | Sa | Fr | Th | We | Tu |
|----|----|----|----|----|----|----|
| 28 | 27 | 26 | 25 | 24 | 23 | 22 |

## Transgender General Sales Manager Files Lawsuit Against Austin, Texas Car Dealership

### Employee Files Lawsuit against Roger Beasley Imports for Discrimination

AUSTIN, Texas - Aug. 26, 2017 - PRLog -- Bradley Rudkin served Roger Beasley Mitsubishi as it's General Sales Manager beginning on or about February 1st, 2015. Within the first 3 weeks of employment, Jim Bagan, Company Vice President approached Mr. Rudkin's desk and asked for a quick conversation. When Bradley approached, Jim Bagan stated, "I hear you are a cross-dresser." after an uncomfortable silence, Bradley responded, "Do you really want me to comment on that?" Jim abruptly said, "No, just keep it professional." Mr. Bagan then turned and walked away. These comments were unwelcome and Mr. Rudkin considered them to be an intrusion on his personal life.

Used Cars From $89/ Month - Search 50 Best Local Vehicles.

Search From 4.3 Million Cheap Cars. Compare And Get The Best Deal Now.

autolist.com



On another occasion, Plaintiffs girlfriend, a transgender woman visited plaintiff for lunch at the dealership. While eating lunch in the Plaintiffs office an employee shouted out loud on the showroom floor, "Hey, You guy's aren't sucking each others (Expletive) in there are you?" This event was followed by laughter and chatter by other employees in the building. The taunting was unwelcome and made Plaintiff and his girlfriend very uncomfortable.  Two weeks after this event, Bradley Rudkin was abruptly terminated without notice and without cause by Richard Davis, an employee hired to take Mr Rudkin's place.



**Bradley Rudkin**

Prior to Bradley's employment tenure, Roger Beasley Mitsubishi South had been open approximately 2 years. Each year this dealership achieved poor sales results losing approximately half a million dollars both years. Mr Rudkin was an award winning successful GSM achieving a 350,000 dollar profit his first full year with the dealer group. This was a 750,000 swing from the previous 2 years. Mr. Rudkin's team won the Mitsubishi Come Back Cup Award in November 2015 achieving 540% percent improvement in sales from the previous year. Bradley Rudkin never had a written or verbal warning during his employment at Roger Beasley Mitsubishi. Suit was filed 8-1-2017 with "EEOC Right to Sue" letter within time limits as set by EEOC.

Spread the Word

Full text of this complaint, as filed with the District Court in the State Of Texas is attached.

The Nichols Law Firm, PLLC is a boutique law firm focusing on LGBT issues, consumer-related legal issues and civil litigation for people and businesses across Texas.

For more information about this case, contact Attorney Justin Nichols at 210-354-2300 or justin@thenicholslawfirm.com

**Listed Under**

Tags:
- Lawsuit
- Discrimination

Industry:
- Lifestyle

Location:
- Austin - Texas - US

NOTICE: All information contained in this statement comes from the Complaint which has been filed as a public record with the court. As dedicated civil rights attorneys, we strongly believe in the public value of telling our clients' stories: violators can be held accountable, and other silent victims can feel empowered to stand up for their legal rights. Although we make every attempt to verify our clients' claims, note that the defendant is expected to oppose our client's position, and the court has not ruled one way or the other as of the date of this statement.  - END

http://www.facebook.com/bradley.rudkin

**Contact**
bradley rudkin
***@yahoo.com

EXHIBIT
A

**Top Daily News**

Martin Brossman Offers Reputation Advice for Managers to Enhance Company Brand - 245 views

Healthy Savannah recipient of Whole Foods Market Savannah's 5% Day - 227 views

Attention, Hotel, Casino and Resort managers. Step up your game for Halloween! - 178 views

American Premium Water (HIPH) Pacts with BioHemp Industries, Advances CBD Hydrogen Initiative - 159 views

Bridgeport's innovative solar installation solutions help electrical contractors be more productive and profitable on the jobsite - 87 views

**Top Weekly News**

BHC Press and Emmie Mears Announce Multi-book Deal - 1287 views

Jazz Artist Bob Holz To Release Album featuring bassist Stanley Clarke - 730 views

Michael J. O'Connor Included in 2017 Super Lawyers and Best Lawyers of America® - 621 views

United Premier Soccer League Announces Orange County FC 2 as Western Conference Expansion Team - 560 views

United Premier Soccer League Announces Corporate Sponsorship with DB Sports Tours - 519 views

**PTC News**

Move-in or miss out at 20 new Lennar communities - 258 views

Gilchrist, Gerhard, O'Barr, Suydam Highlight Artist Alley At Wizard World Comic Con Nashville - 254 views

Quick Move-In Homes Available in Rancho Cordova at Highland Grove - 247 views

Altair Irvine offers access to the award-winning Irvine Unified School District - 229 views

American Premium Water (HIPH) Pacts with BioHemp Industries,

Transgender General Sales Manager Files Lawsuit Against Austin, Texas Car Dealership ...   Page 2 of 2

··········End ·······················································································

Advances CBD Hydrogen
Initiative - 159 views

Aug 26, 2017 News

[Follow]  [Embed]  [PDF / Print]

Source : bradley rudkin

Email : ***@yahoo.com

Tags : Transgender, Lawsuit, Discrimination

Industry : Lifestyle

Location : Austin - Texas - United States

Account Email Address ⤶   Account Phone Number ⤶   Disclaimer   Report Abuse

### Trending News

NAJEE New Album 'Poetry In Motion'
Dedicated to Al Jarreau & Prince

American Premium Water (HIPH) Pacts with
BioHemp Industries, Advances CBD
Hydrogen Initiative

Bridgeport's innovative solar installation
solutions help electrical contractors be more
productive and profitable on the jobsite

Xena-Inspired Fantasy Action Film
"Protectress" Premieres Online

Martin Brossman Offers Reputation Advice
for Managers to Enhance Company Brand

### Top Daily News

Martin Brossman Offers Reputation Advice
for Managers to Enhance Company Brand -
245 views

Healthy Savannah recipient of Whole Foods
Market Savannah's 5% Day - 227 views

Attention, Hotel, Casino and Resort
managers. Step up your game for Halloween!
- 178 views

American Premium Water (HIPH) Pacts with
BioHemp Industries, Advances CBD
Hydrogen Initiative - 159 views

Bridgeport's innovative solar installation
solutions help electrical contractors be more
productive and profitable on the jobsite - 87
views

### Top Weekly News

BHC Press and Emmie Mears Announce
Multi-book Deal - 1287 views

Jazz Artist Bob Holz To Release Album
featuring bassist Stanley Clarke - 730 views

Michael J. O'Connor Included in 2017 Super
Lawyers and Best Lawyers of America® - 621
views

United Premier Soccer League Announces
Orange County FC 2 as Western Conference
Expansion Team - 560 views

United Premier Soccer League Announces
Corporate Sponsorship with DB Sports Tours
- 519 views

SiteMap | Privacy Policy | Terms of Service | Copyright Notice | About | Advertise

Like PRLog?

9K   2K   1K