IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BRADLEY RUDKIN | § | |
| | § | |
| VS. | § | A-17-CV-849-LY |
| | § | |
| ROGER BEASLEY IMPORTS, INC. | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before the Court are Defendant's Motion to Dismiss, for Fees and Sanctions, Pursuant to the Texas Citizen's Participation Act (Dkt. No. 8); Plaintiff's Response (Dkt. No. 12); and Defendant's Reply (Dkt. No. 13). The undersigned submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(h) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

**I. GENERAL BACKGROUND**

Bradley Rudkin sues his former employer, Roger Beasley Imports, Inc., for sex discrimination in violation of Title VII, breach of contract, invasion of privacy–public disclosure of private facts, invasion of privacy–intrusion on seclusion, and intentional infliction of emotional distress. The case was originally filed in Travis County District Court on August 1, 2017, and was removed to this court on August 31, 2017, based on federal question and supplemental jurisdiction. According to the petition filed in state court, Rudkin began working at Roger Beasley, a car dealership, in February 2015. Dkt. No. 1 at 8. He states that he is a transgender man and presented himself as male at all times relevant to the lawsuit. *Id.* As noted, among other claims, Rudkin sues Roger Beasley for invasion of privacy, based on allegations that Roger Beasley management openly

discussed his status as a transgender male, which he contends was a private matter, was not a matter of public concern, and that the discussions would have been highly offensive to a reasonable person.

Roger Beasley moves to dismiss the two invasion of privacy claims based on the Texas Citizen's Participation Act. TEX. CIV. PRAC. & REM. CODE §§ 27.001-27.011. This statute is "an anti-SLAPP ("Strategic Lawsuit Against Public Participation") statute that allows the filing of an early motion to dismiss, "designed to protect the defendant from having to litigate meritless cases aimed at chilling First Amendment expression." *NCDR, LLC v. Mauze & Bagby, PLLC*, 745 F.3d 742, 751 (5th Cir. 2014). The Texas Supreme Court has noted that the TCPA "protects citizens who petition or speak on matters of public concern from retaliatory lawsuits that seek to intimidate or silence them," by creating "a special motion for an expedited consideration of any suit that appears to stifle the defendant's communication on a matter of public concern." *In re Lipsky*, 460 S.W.3d 579, 584 (Tex. 2015). Based on the TCPA, Roger Beasley moves to dismiss Rudkin's invasion of privacy claims. Rudkin responds that the TCPA is not applicable in federal court, and even if it were, Roger Beasley has failed to meet its initial burden under the TCPA.

## II. ANALYSIS

### A. Whether the TCPA is applicable to this litigation.

Federal courts apply state common law but federal procedural rules. *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996); *Foradori v. Harris*, 523 F.3d 477, 486 (5th Cir. 2008). If there is a conflict between a state substantive law and a federal procedural rule, federal courts apply the federal rule and do not apply the substantive state law. *All Plaintiffs v. All Defendants*, 645 F.3d 329, 333 (5th Cir. 2011). Thus, before applying the TCPA here, the Court must determine

2

whether it is substantive or procedural, and, if substantive, whether it conflicts with the Federal Rules of Civil Procedure. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

In a recent case, the Fifth Circuit noted that it had not yet decided this question: "[t]he applicability of state anti-SLAPP statutes in federal court is an important and unresolved issue in this circuit." *Block v. Tanenhaus*, 867 F.3d 585, 589 (5th Cir. 2017). *See also Cuba v. Pylant*, 814 F.3d 701, 706 (5th Cir. 2016) ("[W]e first review the TCPA framework, which we assume—without deciding—controls as the state substantive law in these diversity suits."); *Culbertson v. Lykos*, 790 F.3d 608, 631 (5th Cir. 2015) ("We have not specifically held that the TCPA applies in federal court; at most we have assumed without deciding its applicability.").[1] As noted, in *Cuba* the court assumed that the TCPA was a state substantive statute and thus controlled. Judge Graves dissented from that assumption, and argued that the panel instead should have begun by following *Erie* and determining whether the statute was in fact substantive. In his well-reasoned dissent, he concluded that

> the TCPA is procedural and must be ignored. The TCPA is codified in the Texas Civil Practice and Remedies Code, provides for a pre-trial motion to dismiss claims subject to its coverage, establishes time limits for consideration of such motions to dismiss, grants a right to appeal a denial of the motion, and authorizes the award of attorneys' fees if a claim is dismissed. This creates no substantive rule of Texas law; rather, the TCPA is clearly a procedural mechanism for speedy dismissal of a meritless lawsuit that infringes on certain constitutional protections. Because the TCPA is procedural, I would follow *Erie*'s command and apply the federal rules.

---

[1]In a 2009 case involving an appeal from a denial of a motion to dismiss under Louisiana's anti-SLAPP statute, a panel of the Fifth Circuit stated, without discussion, that "Louisiana law, including the nominally-procedural Article 971, governs this diversity case." *Henry v. Lake Charles Am. Press, L.L.C.*, 566 F.3d 164, 168-69 (5th Cir. 2009). In subsequent cases, however, other Fifth Circuit panels have questioned the correct reading of *Henry*, debating whether that case simply assumed the applicability of the Louisiana statute, or actually decided that the statute did properly apply in federal court. *E.g. Lozovvy v. Kurtz*, 813 F.3d 576, 582-83 (5th Cir. 2015). *Block*, which involved the Louisiana statute, is the Circuit's most recent pronouncement on the issue, and appears to adopt the view that *Henry* did not decide the issue, since it described the question as "an important and *unresolved* issue in this circuit." *Block*, 867 F.3d at 589 n.2 (emphasis added).

*Cuba*, 814 F.3d at 720 (citations omitted).[2] The D.C. Circuit recently concluded that an anti-SLAPP statute does not govern in federal court. *Abbas v. Foreign Policy Grp., LLC*, 783 F.3d 1328, 1333-34 (D.C.Cir.2015). *But see, United States ex rel. Newsham v. Lockheed Missiles & Space Co.,* 190 F.3d 963 (9th Cir.1999)*, critisized by Makaeff v.Trump University*, *LLC*, 715 F.3d 254, 272-276 (9th Cir.2013) (Paez, Kozinski, concurring). Judge Graves further concluded that even if the TCPA were substantive, it conflicts with Federal Rules 12 and 56, and is therefore inapplicable in federal court. This is because when there is a "direct collision" between a state substantive law and a federal procedural rule within Congress's rulemaking authority, federal courts apply the federal rule and do not apply the substantive state law. *All Plaintiffs,* 645 F.3d at 333. Judge Graves concluded:

> In sum, the TCPA is procedural and we may not apply it when sitting in diversity. Even if, however, it could be said that the TCPA is substantive, then there is no doubt that it must yield to the Federal Rules of Civil Procedure because it directly conflicts with the pre-trial dismissal mechanisms of Rules 12 and 56.

*Id.* at 721.

As noted, the Fifth Circuit has declined to resolve these questions with regard to the TCPA. Having reviewed the issue, the undersigned concurs with the D.C. Circuit's analysis in *Abbas*, and Judge Graves' dissent in *Block.* Rather than restate the conclusions reached by Judge Graves and the D.C. Circuit, the Court will instead simply adopt their analyses. In brief, the TCPA contains procedural provisions setting forth deadlines to seek dismissal, deadlines to respond, and even deadlines for the court to rule, as well as appellate rights, and the recovery of attorney's fees. It is

---

[2]*Cuba* was a diversity case, while this case is in federal court based on federal question jurisdiction with regard to Rudkin's Title VII claim, and supplemental jurisdiction with regard to the state law claims. But that distinction is not material, given that *Erie* applies to cases involving both diversity and supplemental jurisdiction. *Sommers Drug Stores Co. Employee Profit Sharing Trust v. Corrigan*, 883 F.2d 345, 353 (5th Cir. 1989); *Bott v. J.F. Shea Co.*, Inc., 388 F.3d 530 553 n.3 (5th Cir. 2004).

a procedural statute and thus not applicable in federal court. Even if the statute is viewed to be somehow substantive, it still cannot be applied in federal court, as its provisions conflict with Rules 12 and 56, rules well within Congress's rulemaking authority. Accordingly, the motion to dismiss under the TCPA should be denied.

### B. Even if the TCPA applied, the motion to dismiss should be denied.

Even if the TCPA applied, Rudkin's claims should still not be dismissed. To have the right to invoke the provisions of the TCPA, the movant party must demonstrate that the case at issue is based on, relates to, or is in response to a party's exercise of certain First Amendment rights:

> (a) If a legal action is based on, relates to, or is in response to a party's exercise of the right of free speech, right to petition, or right of association, that party may file a motion to dismiss the legal action.

TEX. CIV. PRAC. & REM. CODE § 27.003. The TCPA further provides that to decide a motion to dismiss under the act, "the court shall consider the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based." *Id.* at § 27.006. Reviewing a motion to dismiss under the TCPA requires a two-step process. First the defendant must show by a preponderance of the evidence that the plaintiff's cause of action is based on, relates to, or is in response to a party's exercise of the enumerated rights. *Lipsky,* 460 S.W.3d 586-87. Second, if that finding is made, the burden shifts to the plaintiff to show by clear and specific evidence a prima facie case for each element of their claim. *Id.*

Roger Beasley argues that the TCPA applies because Rudkin's invasion of privacy claims involve its " right of free speech" to discuss Rudkin's transgender status in the workplace. "The 'right of free speech' refers to communications related to 'a matter of public concern' which is defined in the statute." *Id.* at 586 n.4. Roger Beasley's primary argument as to why discussions of

5

Rudkin's gender identification involve a matter of public concern is that Rudkin made it one by discussing this lawsuit in or on television, print, and social media. Dkt. No. 8 at 2. This argument fails. Though Rudkin's actions revealing his transgender status publicly might conceivably impact his damage claim, it does not mean that issue was a matter of public concern at the time the statements he sues upon were made, given that all of the statements were made before the lawsuit was filed, and before Rudkin's statements to the media. More to the point, the TCPA defines a matter of public concern in detail, and requires that it be an issue related to "(A) health or safety; (B) environmental, economic, or community well-being; (C) the government; (D) a public official or public figure; or (E) a good, product or service in the marketplace." Rudkin's gender identity fits within none of these categories. Thus, Roger Beasley has failed to establish Rudkin's invasion of privacy claims are based on, relate to, or were in response to Roger Beasley's exercise of a right of free speech as defined by the TCPA. For this reason as well, the motion to dismiss should be denied.

## IV. RECOMMENDATION

For all of the reasons set forth above the undersigned **RECOMMENDS** that the district judge **DENY** Defendant's Motion to Dismiss, for Fees and Sanctions, Pursuant to the Texas Citizen's Participation Act (Dkt. No. 8).

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 28th day of December, 2017.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE