IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **BRADLEY RUDKIN** | ' | |
| **Plaintiff,** | ' | |
| | ' | |
| v. | ' | Civil Action NO. 1:17-cv-00849 |
| | ' | |
| **ROGER BEASLEY IMPORTS, INC.** | ' | |
| **Defendant.** | ' | |

### DEFENDANT BEASLEY'S RESPONSE TO MOTION TO STAY

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant Roger Beasley Imports, Inc. ("Beasley") files this Response to Plaintiff's Motion to Stay Proceedings Pending Appeal (Clerk's Doc. 33).

**A.  Introduction**

1. Plaintiff agreed to this suit's Scheduling Order during the Court's initial pretrial conference the day *after* Beasley filed a notice of appeal of the Texas Citizens Participation Act ("TCPA") order—without any complaint that the appeal should impact the progress of the case.

2. It was not until Plaintiff missed multiple deadlines, admitted that "counsel for Plaintiff has had a difficult time obtaining [discovery] responses from Plaintiff," and "concede[d that] Plaintiff should be participating more actively in discovery" (Clerk's Doc. 30), that he requested a stay.  Beasley respectfully requests that this Court deny Plaintiff's latest attempt to avoid the consequences of filing a groundless suit.

**B.  Background**

3. Plaintiff Rudkin initiated this suit last August 2017.  Beasley filed a motion to dismiss in October 2017, which the Court denied on January 31, 2018.  (Clerk's Doc. 20.)  Beasley appealed the denial, but the Court of Appeals has not yet accepted jurisdiction; the appeal is

currently in jurisdictional review.

4. Beasley's motion sought dismissal under the TCPA of only two of Rudkin's four claims. (Clerk's Doc. 8.) Plaintiff's Title VII employment claim and the breach of contract claim were not bases for Beasley's motion and are therefore not at issue in the appeal Beasley has requested. (*See* Clerk's Doc. 8.)

5. The day after Beasley filed its notice of appeal, the parties attended an initial pretrial conference with the Court. The Court conferred with the parties about agreed deadlines and then rendered the Scheduling Order. (Clerk's Doc. 23.)

6. The Scheduling Order required Plaintiff to produce his witness, expert, and exhibit list on or before April 16, 2018. Plaintiff did not do so. (*See* Clerk's Doc. 28.) Neither has Plaintiff complied with Beasley's discovery requests, having failed to produce even those documents to which he has no objection—despite the request having been pending for more than three months and despite the motion to compel Beasley filed. (*See id.*) The discovery deadline is this week, July 15, 2018, the dispositive-motions deadline is August 15, 2018, and trial is set for February 2019. (Clerk's Doc. 23.)

    **C.**    **Legal Standard**

7. "A stay is an intrusion into the ordinary processes of administration and judicial review and a party is not entitled to a stay as a matter of right" pending an appeal. *Campaign for Southern Equality v. Bryant*, 773 F. 3d 5, 57 (5th Cir. 2014) (internal citations omitted). The "moving party bears a heavy burden to show why a stay should be granted." *Coastal (Bermuda) Ltd. v. E. W. Saybolt & Co.*, 761 F.2d 198, 203 n. 6 (5th Cir. 1985). "Where a discretionary stay is proposed, something close to genuine necessity should be the mother of its invocation." *Id.*

**D.     Argument**

8. Plaintiff has not met the heavy burden to justify a stay in this case. Instead, his motion is yet another tactic to delay the meritless suit he initiated and then failed to prosecute. Regardless of the outcome of the appeal, which concerns only the TCPA, the Plaintiff's remaining claims are ripe for this Court's adjudication.

9. Plaintiff's federal-employment and contract claims are unrelated to the issues before the Fifth Circuit. In his Title VII claims, Plaintiff alleges discrimination in the terms and conditions of his employment, and his contract claim is for commissions he contends are owed. (*See* Clerk's Doc. 1, *Orig. Pet.*) By contrast, the claims on appeal are for invasion of privacy and intentional infliction of emotional distress, based on statements Plaintiff alleges were made about his transgender status. (*See id.*) There is no benefit—much less "genuine necessity"—to stalling the pretrial stages of this suit while the parties await an appellate outcome on the state-law tort claims. *See Coastal (Bermuda) Ltd.*, 761 F.2d at 203 n. 6.

10. Plaintiff brought this suit against Beasley and should not now be permitted to delay its resolution. This Court rendered the Scheduling Order, with Plaintiff's agreement, knowing that the legal questions involved in the TCPA motion would be pending before the Court of Appeals in the meantime. Plaintiff made no request for a stay, nor even for extended deadlines given the pending appeal, when he appeared telephonically at the initial pretrial conference. Instead, he waited until days before the discovery deadline—when he had neglected to prosecute his case or comply with deadlines—and now asks for the entire suit to be stayed. Beasley will be prejudiced by a stay because it has an interest in avoiding further needless expense and deferral of its right to dispose of these groundless claims that have been lodged against it. The case should proceed as all parties agreed, and as this Court ordered.

### E. Prayer and Conclusion

11. Defendant Beasley respectfully requests that this Court deny Plaintiff's Motion to Stay and order the Plaintiff to comply with this Court's Scheduling Order. Beasley further seeks any additional relief to which it may be justly entitled.

                Respectfully Submitted,

By:     /s/ R. Lynn Fielder
        R. Lynn Fielder
        DOWNS STANFORD, P.C.
        Texas State Bar No. 06971100
        2001 Bryan Street, Suite 4000
        Dallas, Texas 75201
        lfielder@downsstanford.com
        Telephone: (214) 748-7900
        Facsimile: (214) 748-4530

And

Karen C. Burgess
BURGESS ASSOCIATES
515 Congress Avenue, Suite 1900
Austin, Texas 78701-3526
Telephone: (512) 482-8808
Facsimile: (512) 900-6325
Email: kburgess@burgesslawpc.com

By:     /s/ Karen C. Burgess
        Karen C. Burgess
        State Bar No. 00796276

**COUNSEL FOR BEASLEY**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 13, 2018, the foregoing was filed with the Clerk of the Court via the electronic filing/ECF system, which caused a Notice of Electronic Filing to be sent to the following counsel of record:

Justin P. Nichols
The Nichols Law Firm, PLLC
405 N. St. Mary's St., Suite 1000
San Antonio, TX 78205

                              By:      /s/ R. Lynn Fielder
                                          R. Lynn Fielder