# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| BRADLEY RUDKIN | § | |
| | § | |
| VS. | § | A-17-CV-849-LY |
| | § | |
| ROGER BEASLEY IMPORTS, INC. | § | |

## ORDER

Before the Court are Defendant's Motion to Compel and for F.R.C.P. 37(a) and (b) Relief for Plaintiff's Failure to Comply with Court Order (Dkt. No. 28); and Plaintiff's Response (Dkt. No. 30). The District Court referred this matter for resolution. (Dkt. No. 29).

## I. GENERAL BACKGROUND

Bradley Rudkin sues his former employer, Roger Beasley Imports, Inc., for sex discrimination in violation of Title VII, breach of contract, invasion of privacy–public disclosure of private facts, invasion of privacy–intrusion on seclusion, and intentional infliction of emotional distress. The case was originally filed in Travis County District Court on August 1, 2017, and was removed to this court on August 31, 2017, based on federal question and supplemental jurisdiction. According to the petition filed in state court, Rudkin began working at Beasley, a car dealership, in February 2015. Dkt. No. 1 at 8. He states that he is a transgender man and presented himself as male at all times relevant to the lawsuit. *Id.* As noted, among other claims, Rudkin sues Beasley for invasion of privacy, based on allegations that Beasley management openly discussed his status as a transgender male, which he contends was a private matter, was not a matter of public concern, and that the discussions would have been highly offensive to a reasonable person.

Beasley moved to dismiss the two invasion of privacy claims based on the Texas Citizen's Participation Act. TEX. CIV. PRAC. & REM. CODE §§ 27.001-27.011. This statute is "an anti-SLAPP

("Strategic Lawsuit Against Public Participation") statute that allows the filing of an early motion to dismiss, "designed to protect the defendant from having to litigate meritless cases aimed at chilling First Amendment expression." *NCDR, LLC v. Mauze & Bagby, PLLC*, 745 F.3d 742, 751 (5th Cir. 2014). The undersigned issued a Report and Recommendation (Dkt. No. 18) holding that the TCPA is not applicable in federal court, and even if it were, Beasley has failed to meet its initial burden under the TCPA because it failed to establish that Rudkin's invasion of privacy claims are based on, relate to, or were in response to Beasley's exercise of a right of free speech as defined by the TCPA. The District Court adopted the Report and Recommendation (Dkt. No. 20). Beasley filed an interlocutory appeal to the Fifth Circuit on February 26, 2018. (Dkt. No. 21). Beasley now files a Motion to Compel requesting that the Court compel Rudkin to participate in discovery. Rudkin's counsel admits his client has not fully participated in discovery, and states that he has had a difficult time obtaining responses from his client.

## II. ANALYSIS

The discovery deadline in this case was July 15, 2018. Rudkin's deadline for designating potential witnesses, testifying experts, and proposed exhibits was April 16, 2018. Beasley asserts Rudkin has ignored his obligations under the Federal Rules of Civil Procedure and the Court's Scheduling Order, and has failed to timely designate potential witnesses, testifying experts, and proposed exhibits. Additionally, Beasley argues that Rudkin has failed to adequately respond to its Requests for Production and Interrogatories. Beasley complains that it was required to make its designations without the benefit of Plaintiff's disclosures or discovery, and Rudkin's failure to participate in discovery precludes meaningful depositions or further written discovery. Based on these failures, Beasley requests that the Court overrule all of his objections to the discovery and

assess one or more of the sanctions allowed by FED. R. CIV. P. 37 (a) and (b)(2)(A). At a minimum, Beasley requests that the Court prohibit Rudkin from calling any witnesses or experts at trial, or using any exhibits not contained within Beasley's designations. Beasley also seeks its attorneys' fees.

As noted, Rudkin's counsel has conceded that "[g]enerally speaking,[he] has had a difficult time obtaining responses from Plaintiff with the detail or specificity necessary to fully or adequately respond to discovery requests." Dkt. No. 30 at 1. Having said this, Rudkin asserts that much of the information sought by Beasley is already in its possession. He further identifies seven witnesses he may call at trial. Rudkin asserts that there is still time to conduct depositions and since most of the witnesses are, or at least at one time were, under Beasley's control or employment, they should be relatively easy to locate and depose. Rudkin requests that the Court deny the request for sanctions and simply grant the motion to compel and order Rudkin to comply with his discovery obligations.

Rudkin's failure to meet his discovery obligations has slowed the progress of this case and impeded Beasley's ability to marshal its defense. However, it would be inappropriate to impose what could effectively be "death penalty" sanctions without giving Rudkin one final opportunity to meet his obligations. Further, the prejudice to Beasley can be cured by something less than the sanctions requested. Accordingly, Defendant's Motion to Compel (Dkt. No. 28) is **GRANTED IN PART AND DENIED IN PART.** Rudkin's objections to the discovery requests are **OVERRULED** and Rudkin is **ORDERED** to respond to Beasley's discovery requests *in full* no later than August 15, 2108. Failure to comply with this order will result in the imposition of more severe sanctions. To address the prejudice to Beasley caused by Rudkin's actions, it is **FURTHER ORDERED** that Beasley shall have 60 days after the receipt of Rudkin's supplemental discovery responses to

conduct depositions of any witnesses it chooses, and Rudkin may not take any depositions of his own. Roger Beasley is further granted to leave to supplement or amend its designation of witnesses, exhibits, and experts once it completes the additional discovery permitted herein  Roger Beasley's request for attorney's fees and expenses is **DENIED** at this time.

SIGNED this 1st day of August, 2018.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE