# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **BRADLEY RUDKIN** | § | |
| | § | |
| VS. | § | A-17-CV-849-LY |
| | § | |
| **ROGER BEASLEY IMPORTS, INC.** | § | |

## ORDER

Before the Court are: Plaintiff's Motion for Extension of Time to Serve Discovery Responses (Dkt. No. 42); Defendant's Response (Dkt. No. 47); Plaintiff's Motion to Extend Time to Response [sic] to Motion for Summary Judgment (Dkt. No. 45); and Defendant's Response (Dkt. No. 50). The District Court referred this matter for resolution. (Dkt. No. 29).

## I. GENERAL BACKGROUND

Bradley Rudkin sues his former employer, Roger Beasley Imports, Inc., for sex discrimination in violation of Title VII, breach of contract, invasion of privacy–public disclosure of private facts, invasion of privacy–intrusion on seclusion, and intentional infliction of emotional distress. The case was originally filed in Travis County District Court on August 1, 2017, and was removed to this court on August 31, 2017, based on federal question and supplemental jurisdiction.

Beasley moved to dismiss the two invasion of privacy claims based on the Texas Citizen's Participation Act. TEX. CIV. PRAC. & REM. CODE §§ 27.001-27.011. The undersigned issued a Report and Recommendation (Dkt. No. 18) finding that the claims should not be dismissed pursuant to the TCPA. The District Court adopted the Report and Recommendation (Dkt. No. 20). Beasley filed an interlocutory appeal to the Fifth Circuit on February 26, 2018. (Dkt. No. 21).

Beasley then filed a Motion to Compel requesting that the Court compel Rudkin to participate in discovery. (Dkt. No. 28). Beasley argued that Rudkin ignored his obligations under the Federal Rules of Civil Procedure and the Court's Scheduling Order, failed to timely designate potential

witnesses, testifying experts, and proposed exhibits and failed to adequately respond to interrogatories and requests for production. Beasley requested that the Court overrule all of Rudkin's objections to the discovery and assess one or more of the sanctions allowed by FED. R. CIV. P. 37 (a) and (b)(2)(A). Rudkin's counsel admitted his client did not fully participate in discovery, and stated that he has had a difficult time obtaining responses from his client. The Court entered an Order on August 1, 2018. (Dkt. No. 35). That Order stated:

> Rudkin's failure to meet his discovery obligations has slowed the progress of this case and impeded Beasley's ability to marshal its defense. However, it would be inappropriate to impose what could effectively be "death penalty" sanctions without giving Rudkin one final opportunity to meet his obligations. Further, the prejudice to Beasley can be cured by something less than the sanctions requested. Accordingly, Defendant's Motion to Compel (Dkt. No. 28) is **GRANTED IN PART AND DENIED IN PART.** Rudkin's objections to the discovery requests are **OVERRULED** and Rudkin is **ORDERED** to respond to Beasley's discovery requests *in full* no later than August 15, 2108. Failure to comply with this order will result in the imposition of more severe sanctions. . . .

*Id.* Rudkin now moves to extend the time to respond to discovery past the deadline imposed by the Court and moves to extend his deadline to respond to Defendant's Motion for Summary Judgment, (Dkt. No. 39), which was filed on August 15, 2018. Defendant Beasley opposes both motions.

## II. ARGUMENTS

Rudkin's counsel, Justin P. Nichols, asserts that he attempted to reach Rudkin several time in an effort to inform him of the Court's August 15, 2018, deadline, but was unable to reach him until August 9, 2018. When he did reach him, he learned Rudkin was "the victim of a violent crime" as Rudkin had been kicked out of his apartment by his roommate at gunpoint. Rudkin maintains that this displacement rendered him unable to gain access to his documents and information necessary to comply with the Court's August 15, 2018, deadline. Rudkin asserts this qualifies as "good cause" for the Court to extend the deadline to respond to discovery, until Rudkin could obtain access to his things.

Additionally, Rudkin requests an extension of time to respond to Defendant Roger Beasley's

Motion for Summary Judgment, asserting counsel for Rudkin has not been able to obtain documents from Rudkin, although he believes Rudkin eventually obtained access to his home, and that counsel has been "involved in a highly unusual matter" involving a temporary restraining order and a writ of attachment for a child in Bexar County. Rudkin requests an extension to September 7, 2018, a date which has passed.

Roger Beasley opposes both requests for extensions of time. It asserts that Rudkin's discovery responses are more than four and a half months overdue, and that the failure to designate experts, witnesses, or exhibits will not likely be cured by Rudkin accessing his residence and the possessions therein. With regard to the extension to respond to Defendant's Motion for Summary Judgment, Beasley points out that Rudkin's response was due August 29, 2018, and he requested a three-week extension until September 7, 2018, which Rudkin also failed to meet. Beasley asserts that Rudkin is not prosecuting this lawsuit and that no further extensions should be granted.

### III. ANALYSIS

Rule 16 states that a scheduling order may only be modified for "good cause" and with the judge's consent. FED. R. CIV. P 16(B)(4); *S & W Enters. v. SouthTrust Bank*, 315 F.3d 533, 536 (5th Cir. 2003). In general, good cause requires "some showing of good faith ... and [a] reasonable basis for noncompliance within the time specified." *McDonald v. United States*, 898 F.2d 466, 467 (5th Cir. 1990) (internal quotation marks omitted). In assessing whether to grant relief, courts often consider "the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156 n.8 (5th Cir. 2006).

The Court is suspect of the impact of Rudkin's lack of access to his possessions on his ability to respond to discovery—especially in light of his counsel's previous difficulties in obtaining discovery responses from him prior to this incident. Additionally, Rudkin's counsel "believes" that Rudkin accessed his possessions and has still failed to produce discovery to date. Given these facts, Rudkin has failed to show good cause to extend his discovery deadline further. Accordingly, the Court deny the request to allow Rudkin additional time to respond to discovery.

With regard to Rudkin's request to extend the time to respond to Defendant's Motion for Summary Judgment, the Court finds that Defendant will not be prejudiced by granting an extension, and counsel's stated reasons are sufficient to allow additional time. The Court will therefore extend the deadline to respond to Defendant's Motion for Summary to September 21, 2018. No further extensions will be allowed.

## IV. ORDER

Accordingly, Plaintiff's Motion for Extension of Time to Serve Discovery Responses (Dkt. No. 42) is **DENIED**. Plaintiff's Motion to Extend Time to Response [sic] to Motion for Summary Judgment (Dkt. No. 45) is **GRANTED** and Rudkin is **ORDERED** to respond to Beasley's Motion for Summary Judgment on or before **September 21, 2018.** No further extensions will be given and failure to comply with this order will result in the imposition of sanctions up to and including dismissal of his case for lack of prosecution.

SIGNED this 13th day of September, 2018.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE