# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| BRADLEY RUDKIN | § | |
| | § | |
| VS. | § | A-17-CV-849-LY |
| | § | |
| ROGER BEASLEY IMPORTS, INC. | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:    THE HONORABLE LEE YEAKEL
        UNITED STATES DISTRICT JUDGE

Before the Court are: Defendant Beasley's Motion for Summary Judgment (Dkt. No. 39); Rudkin's Response (Dkt. No. 52); Defendant Beasley's Reply (Dkt. No. 53); and Defendant Beasley's Motion to Strike Plaintiffs' Summary Judgment Evidence (Dkt. No. 54). The undersigned submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(h) of Appendix C of the Local Court Rules.

## I. GENERAL BACKGROUND

This is an employment discrimination case. Bradley Rudkin was employed as a sales manager by car dealership Roger Beasley Imports, Inc., beginning in February of 2015. Beasley terminated Rudkin on April 25, 2016. Rudkin is a transgender man and presented himself as male at all times relevant to the lawsuit. Dkt. No. 1 at 8. He sues his former employer for sex discrimination in violation of Title VII, breach of contract, invasion of privacy, and intentional infliction of emotional distress. The case was originally filed in Travis County District Court on August 1, 2017, and was removed to this court on August 31, 2017, based on federal question and supplemental jurisdiction. In the present motion, Beasley seeks summary judgment on all of Rudkin's claims.

## II. SUMMARY JUDGMENT STANDARD

"Summary judgment is required when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.' " *Trent v. Wade*, 776 F.3d 368, 376 (5th Cir. 2015) (quoting FED. R. CIV. P. 56(a)). "A genuine dispute of material fact exists when the 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.' " *Nola Spice Designs, LLC v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986)). "The moving party 'bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact.' " *Id.* (quoting *EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"Where the non-movant bears the burden of proof at trial, the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Id.* (quotation marks omitted); *see also Celotex*, 477 U.S. at 325. "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 326 (5th Cir. 2009) (quotation omitted). "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam)).

"Once the moving party [meets its initial burden], the nonmoving party must 'go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial.' " *Nola Spice*, 783 F.3d at 536. In deciding a summary-judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008); *see also Nola Spice*, 783 F.3d at 536.

### III. ANALYSIS[1]

**A.     Title VII Claim**

The complete statement of he Title VII claim in the Original Petition is as follows:

> Defendant committed an unlawful employment practice because Defendant discharged and/or otherwise discriminated against Plaintiff with respect to his compensation, terms, conditions, or privileges of employment, on the basis of Plaintiffs sex.

Dkt. No. 1 at 11. Beasley moves for summary judgment on this claim, construing it as an adverse-action Title VII sex discrimination claim. To make out a prima facie case of sex discrimination, plaintiff must show that (1) he is a member of a protected class; (2) he was qualified for the position; (3) he was subjected to an adverse employment action; and, (4) he was treated less favorably than similarly-situated individuals of the other sex, or replaced by a member of that sex. *Okoye v. Houston Health Science Center*, 245 F.3d 507, 512-13 (5th Cir. 2001). An adverse employment action is an ultimate employment decision such as hiring, firing, demoting, promoting, granting leave, and compensating. *Felton v. Polies*, 315 F.3d 470, 486 (5th Cir. 2002); *Thompson v. City of*

---

[1]In his response, Rudkin withdraws his invasion of privacy and intentional infliction of emotional distress claims, so the Court does not address those claims in this Report and Recommendation, and summary judgment is proper as to them.

3

*Waco*, 764 F.3d 500, 503 (5th Cir. 2014). If a plaintiff establishes a prima facie case, the burden shifts to the employer to show it had a legitimate, non-discriminatory reason for the adverse employment action. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Willis v. Coca Cola Enters., Inc.*, 445 F.3d 413, 420 (5th Cir. 2006). If the employer can show a legitimate, non-discriminatory reason, the presumption of discrimination disappears, and the burden shifts back to the employee to show that the proffered reason was a pretext for discrimination or that the employee's protected status was at least a motivating factor for the decision. *See Alvarado v. Tex. Rangers*, 492 F.3d 605, 611 (5th Cir. 2007).

Beasley asserts that Rudkin cannot make out the fourth element of his prima facie case, because he cannot show that he was treated less favorably than a similarly situated non-transgender employee. Beasley offers summary judgment evidence that the reason it fired Rudkin was that he had engaged in fraudulent lending practices. Specifically, on April 22, 2016, a customer called Steven Tonsi, Rudkin's supervisor, to complain that Rudkin had falsified the customer's income through faked paystubs in order to qualify the customer for financing. Tonsi testified that upon being notified by the customer, he searched Rudkin's computer and found an Excel template used to manufacture fake paystubs. Dkt. No. 39-1 at 3. Tonsi testified that after he confirmed that the complaining customer was one of Rudkin's past customers, he confirmed that the documentation of the sale matched the customer's description of the event, and discovered that the paystub template had been completed with that specific customer's personal identifying information *Id.* Based on this information, Beasley terminated Rudkin for violation of state and federal law and of Beasley's policies and procedures. Beasley further submits summary judgment evidence of other customers'

4

paystubs that Rudkin had falsified and sent to a lender in order to qualify those customers for credit. *Id.*

Beasley argues that Rudkin cannot point to a similarly situated non-transgender employee, or any employee, who falsified customers' paystubs but was not terminated. Beasley asserts that Rudkin's falsification of paystubs also qualifies as a legitimate nondiscriminatory reason for Rudkin's termination, shifting any burden to Rudkin, which he cannot meet. Rudkin does not respond to Beasley's burden shifting arguments and does not submit any contravening evidence. Instead, he claims he is making a hostile work environment claim, and not an adverse-action claim. Based on both the undisputed evidence submitted by Beasley, and on Rudkin's abandonment of the claim, the Court concludes that Beasley is entitled to summary judgment on the claim that he was terminated in violation of Title VII.

Beasley further argues that Rudkin should not be permitted to pursue a hostile work environment claim, as he never pled that claim, and the claim is time-barred. The Court agrees that Rudkin's change of course mid-stream is improper. For this reason alone, summary judgment is proper on any such claim. Even if it is not, the claim fails on its merits. To state a claim for hostile work environment, plaintiff must plead facts to show that: (1) he belongs to a protected group; (2) he was subjected to unwelcome harassment; (3) the harassment was based on his protected status; (4) the harassment affected a term, condition, or privilege of employment; and, (5) defendant knew or should have known about the harassment and failed to take remedial action. *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002). To be actionable, the harassment must be both objectively and subjectively offensive. *Harvill v. Westward Communications, LLC*, 433 F.3d 428, 434 (5th Cir. 2005). Factors considered include the frequency of the conduct, its severity, whether

5

the conduct was physically threatening or humiliating or a mere offensive utterance, and whether it unreasonably interfered with the employee's work performance. *Williams v. Innovate Loan Servicing Corp.*, No. 4:13-CV-994-A, 2015 WL 1402336, at *3 (N.D. Tex. Mar. 26, 2015). The Supreme Court has "made it clear that conduct must be extreme to amount to a change in terms and conditions of employment." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998).

Rudkin relies upon his own Declaration is support of his hostile work environment claim. Dkt. No. 52-1. In his Declaration, Rudkin relies on these events to support his hostile work environment claim:

> Two weeks into my employment, my superior and Beasley's vice president, made unwelcome and harassing comments to me about being transgender, including saying, "I hear you are a crossdresser . . . just keep it professional."
>
> On another occasion, my girlfriend (who is a transgender woman) visited me during lunch at Roger Beasley. I was subjected to comments from co-workers which were unwelcome and harassing, including two person who asked me, by shouting across the showroom floor, "Hey, you're not sucking each other's [explicative], are you?," referring to me and my girlfriend both being transgender.
>
> On another occasion, the son of Steve Tonsi, who also worked at Roger Beasley, went so far as to blatantly gawk at me and my girlfriend in an attempt to "see something," referring to mine and my girlfriend's genitals.

*Id.* Rudkin testified that the comments and conduct directed at him "were unwelcome, made me extremely nervous, and I did not feel I was in a safe place." *Id.* In the same Declaration, Rudkin also testified that after he was fired, he spoke to three Beasley employees, Rob Fryholder, Erica Vasquez, and Rick King, who all indicated that he was fired for being transgender. *Id.*

First, Rudkin's testimony that he spoke to three former coworkers who opined he was terminated because he was transgender, is obvious hearsay and is not admissible summary judgment evidence. Beasley objects to this statement and asks that it be stricken. While the form of summary

6

judgment evidence need not be admissible, the content of the evidence must meet evidentiary requirements. *Goodwin v. Johnson*, 132 F.3d 162, 186 (5th Cir. 1997); *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992); *see also Anderson v. Dallas Cty.*, 2007 WL 1148994, at *3 (N.D. Tex. Apr. 18, 2007) (noting "for example, while an affidavit has limited admissibility at trial, it is sufficient evidence to support or defeat a motion for summary judgment even though inadmissible statements in the affidavit, such as hearsay statements, may not be considered by the court"). "Testimony is considered hearsay only if the witness is testifying to a statement made by another party in order to prove or demonstrate the truth of that statement." *United States v. Bernes*, 602 F.2d 716, 719 (5th Cir. 1979). Rudkin's declaration that three of his former coworkers informed him he was fired because he is transgender is an out of court statement by these individuals used in an attempt to demonstrate that Rudkin was discriminated against because of his transgender status — the truth of the matter asserted. It is therefore hearsay and not admissible. FED. R. EVID. 801(c), 802. As to this statement, the Court therefore **GRANTS** Defendant Beasley's Motion to Strike Plaintiffs' Summary Judgment Evidence (Dkt. No. 54).

Assuming the truth of the other three statements relied upon by Rudkin to show the existence of a hostile work environment, they are not sufficient to make out a prima facie hostile work environment case. Assuming Rudkin's transgender status placed him in a protected class, he has not shown that the alleged harassment affected a "term, condition, or privilege" of his employment. The Fifth Circuit has explained that:

> [h]arassment affects a term, condition, or privilege of employment if it is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment. Workplace conduct is not measured in isolation. In order to deem a work environment sufficiently hostile, all of the circumstances must be taken into consideration. This includes the frequency of the discriminatory

7

conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance. To be actionable, the work environment must be both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so.

*Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012) (citations and internal punctuation omitted). "A hostile work environment exists 'when the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Stewart v. Mississippi Transp. Comm'n*, 586 F.3d 321, 328 (5th Cir. 2009) (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116 (2002) ). "Merely offensive" conduct is not actionable. *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21 (1993). The legal standard for workplace harassment is "high," *Gowesky v. Singing River Hosp. Sys.*, 321 F.3d 503, 509 (5th Cir. 2003), and "the Supreme Court has warned that these high standards are intentionally demanding to ensure that Title VII does not become a general civility code, and when properly applied, they will filter out complaints attacking the ordinary tribulations of the workplace, such as the sporadic use of abusive language." *Howard v. United Parcel Serv., Inc.*, 447 F. App'x 626, 632 (5th Cir. 2011) (per curiam).

The three isolated instances cited by Rudkin, occurring over a fifteen month period, are not sufficiently "severe and pervasive" to affect a "term, condition, or privilege" of Rudkin's employment. A hostile work environment is one in which the abuse is continuous, not simply episodic. *Faragher v. City of Boca Raton*, 524 U.S. 775, 787 n.1 (1998); *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337 (5th Cir. 2007) (a supervisor's infrequent and isolated comments to the plaintiff about "ghetto children" and other racially insensitive remarks did not create a factual dispute as to whether there was severe or pervasive harassment). Three incidents

8

over fifteen months is not sufficiently frequent to create a hostile work environment. Moreover, the behavior does not qualify as "severe," but instead was "merely offensive." The statement, "I hear you are a crossdresser. . . just keep it professional," while potentially offensive, does not qualify as physically threatening or humiliating. The second incident, where coworkers yelled at him and his girlfriend when they visited him at lunch, while offensive, was not physically threatening. And the last incident, where Rudkin alleges a coworker "gawked" at him and his girlfriend, allegedly staring at their genitalia, is, in the context of no other objectionable statements by this person, impossible to quantify as even objectively offensive. *See Robin Cook v. Applied Data Research, No. 88–2894(CSF)*, 1989 WL 85068, at *14–15 (D.N.J. July 20, 1989) (finding, at summary judgment stage, that numerous incidents of provocative staring and leering were insufficient, as a matter of law, to establish hostile work environment claim). Moreover, Rudkin fails to allege that any of these identified instances of allegedly hostile behavior interfered with his ability to do his job.

Based on the facts of this case, the Court is of the opinion that while the conduct in issue might be considered offensive, it does not "rise to the level of severity or pervasiveness required by law." *Gibson v. Potter*, 264 Fed.Appx. 397, 398 (5th Cir. 2008) (citations omitted); *see also Stewart v. Mississippi Transp. Comm'n*, 586 F.3d 321, 330 (5th Cir. 2009) (while conduct was offensive, it was not severe or threatening, and, as such, was "not the kind of conduct that would interfere unreasonably with a reasonable person's work performance or destroy her opportunity to succeed in the workplace"). On the record before the court, viewing all evidence in the light most favorable to Rudkin and drawing all reasonable inferences in his favor, the court concludes that he has not raised a genuine dispute of material fact as to all elements of his hostile work environment claim, and summary judgment is appropriate on this claim.

B.  **Breach of Contract Claim**

Beasley moves for summary judgment on Rudkin's state law breach of contract claim, arguing that Rudkin was an at-will employee and not subject to an employment contract. Rudkin responds that $1500 was improperly taken from his last check, and this violated the terms of his Pay Plan. It is not at all clear that Rudkin can make out a valid breach of contract claim.[2] However, the Court need not reach the merits of that claim. When it has dismissed claims over which it had original jurisdiction (here, the Title VII claim), a district court has discretion to decline to exercise supplemental jurisdiction over pendent state law claims. *St. Germain v. Howard*, 556 F.3d 261, 263–64 (5th Cir. 2009) (per curiam). "The general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial." *Brookshire Bros. Holding v. Dayco Prod., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009). Rather than wade into the murky waters of whether the facts on this claim are undisputed, the Court believes that it should exercise its discretion and decline to exercise jurisdiction over the claim.

## IV. RECOMMENDATION

For the reasons set forth above the undersigned **RECOMMENDS** that the district judge **GRANT** Defendant Beasley's Motion for Summary Judgment (Dkt. No. 39) as to Rudkin's Title VII claim and state law tort claims and **DISMISS** those claims **WITH PREJUDICE**. The undersigned **FURTHER RECOMMENDS** that the District Court **DISMISS** Rudkin's state law breach of contract claim for lack of jurisdiction.

---

[2] For example, Beasley has submitted evidence strongly suggesting that Rudkin was paid more than he was entitled to under the Pay Plan.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 30th day of November, 2018.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE