IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BRADLEY RUDKIN | § | |
| | § | |
| VS. | § | A-17-CV-849-LY |
| | § | |
| ROGER BEASLEY IMPORTS, INC. | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:  THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

Before the Court is Defendant Roger Beasley Imports, Inc.'s Motion for Fees (Dkt. No. 69). Plaintiff Bradley Rudkin has not filed a Response. The undersigned submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(h) of Appendix C of the Local Court Rules.

## I. GENERAL BACKGROUND

Bradley Rudkin sued his former employer, Roger Beasley Imports, Inc., for sex discrimination in violation of Title VII, breach of contract, invasion of privacy - public disclosure of private facts, invasion of privacy - intrusion on seclusion, and intentional infliction of emotional distress. The case was originally filed in Travis County District Court, but was removed to this court. Roger Beasley moved for summary judgment, and prevailed. As a prevailing defendant, Roger Beasley now moves for attorneys' fees.

## II. STANDARD OF REVIEW

Traditionally, under the American rule, "each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Baker Botts LLP. v. ASARCO LLC*, – U.S.–, 135 S. Ct. 2158, 2160 (2015). Accordingly, "[a] district court may not award attorneys' fees 'unless

a statute or contract provides' the basis for such an award." *Spear Mktg., Inc. v. BancorpSouth Bank*, 844 F.3d 464, 470 (5th Cir. 2016) (quoting *Baker Botts*, 135 S.Ct. at 2164). The Supreme Court has held that district courts may, in their discretion, "award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412 (1978).[1] To determine whether a suit is frivolous, the court must ask whether "the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful." *Stover v. Hattiesburg Public School Dist.*, 549 F.3d 985, 997–98 (5th Cir. 2008).

## II. ANALYSIS

In this case, Bradley Rudkin, a transgender male, sued his former employer, alleging sex discrimination in violation of Title VII, and state law claims including breach of contract and

---

[1] The *Christianburg* court offered several words of caution:

> In applying these criteria, it is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation. Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

*Id.* at 421–22. Ultimately, the *Christiansburg Garment* Court affirmed the District Court's denial of defendant's request for attorney's fees, concluding that it had "exercised its discretion squarely within the permissible bounds of [42 U.S.C. § 2000e–5(k) ]." *Id.* at 424.

intentional torts. The Court ultimately granted summary judgment on the Title VII claims and dismissed the state law claims for lack of subject matter jurisdiction. Roger Beasley moves for fees, asserting that Rudkin offered no evidence in support of his claims and could not establish a *prima facie* case of discrimination.

The mere fact that most of plaintiff's claims were dismissed on summary judgment does not warrant an award of fees. *See, e.g. Martin v. El Nell Inc.*, 2005 WL 2148651 at *6-7 (N.D. Tex. Sept.7, 2005); *Ricketts v. Champion Chevrolet*, No. C–04–242, 2005 WL 1924372 at *9 (S.D. Tex. Aug.11, 2005). Likewise, the fact that plaintiff failed to establish a *prima facie* case of discrimination does not necessarily mean that his claim was frivolous. *See Gordon v. Hercules, Inc.*, 715 F.Supp. 1033, 1033–34 (D. Kan.1989) (plaintiff's failure to establish *prima facie* case of discrimination did not entitle prevailing defendant to attorney's fees). Instead, a claim is considered frivolous where there is no evidence to support it. *See Harris v. Plastics Manufacturing Co.*, 617 F.2d 438, 440 (5th Cir. 1980); *Butler v. MBNA Technology, Inc.*, 2004 WL 389101 at *3 (N.D. Tex. Mar. 1, 2004).

Although Rudkin ultimately lost in this case, his claims were not frivolous or wholly without foundation. *Dean v. Riser*, 240 F.3d 505, 508 (5th Cir. 2001). Rudkin asserted claims for sex discrimination pursuant to Title VII based upon comments about his transgender status he alleged were made in the workplace, and based on the fact he was terminated from his job. While he lost on those claims, these are statutory claims, and he pled some factual bases in their support. The Court never addressed Rudkin's state law claims, but rather deferred to the state courts on those claims, and thus it made no merits determination on them. The Court believes the proper exercise of its discretion here is to deny Roger Beasley's Motion for Fees.

3

## IV. RECOMMENDATION

For all of the reasons set forth above the undersigned **RECOMMENDS** that the district judge **DENY** Defendant Roger Beasley Imports, Inc.'s Motion for Fees (Dkt. No. 69).

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 2nd day of July, 2019.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE